UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

SAMMY SANTAMARIA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

XPRESS RESTORATION INC., a Florida Corporation,
and JOSE MORAN, individually,

    Defendants.
_____/

## **COMPLAINT**

1.    Plaintiff, SAMMY SANTAMARIA (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    At all times material to this Complaint, Defendants, XPRESS RESTORATION INC., a Florida Corporation, and JOSE MORAN, individually (collectively referred to as "Defendants"), have owned and operated a water, fire/smoke, and mold damage & remediation business based at 10891 N.W. 17th Street, Suite 135, Miami, Florida 33172 in Miami-Dade County, Florida, within the jurisdiction of the Court.

3.    Defendant, JOSE MORAN, at all times material to this Complaint has owned and managed XPRESS RESTORATION INC., and Defendant MORAN has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of XPRESS RESTORATION INC.

1

By virtue of such control and authority, Defendant MORAN is an employer of Plaintiff and the other employees of XPRESS RESTORATION INC., similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.      Plaintiff brings this action on behalf of himself and other current and former non-exempt Technicians of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.      All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.      At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, XPRESS RESTORATION INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, XPRESS RESTORATION INC., have employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked on commercial  cleaning equipment including but not limited to dehumidifier machines and HEPA air scrubbers that were goods and/or materials moved in or produced for commerce; (b) handled, worked with, and sold commercial cleaning chemicals, including but not limited to Microban, which were goods and/or materials moved in or produced for commerce; (c) handled and worked with tools such as drills and thermal cameras which constituted goods and/or materials moved in

or produced for commerce; and (d) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or merchant services companies including but not limited to VISA and Mastercard, as well as payments for Defendants' customers being made through insurance companies.

8. Based upon information and belief, the annual gross sales volume of XPRESS RESTORATION INC. was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, XPRESS RESTORATION INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately January 2020 and December 2020, Plaintiff performed non-exempt duties as a Technician for Defendants at customer locations throughout Miami-Dade, Broward, and Palm Beach Counties, with Plaintiff's primary job duties consisting of: (a) communicating with Defendants' customers about damage and remediation work as a result of water, fire/smoke, and/or mold damage; (b) installing air blowers and dehumidifier machines for a dry out of the customers' residential/commercial properties as well as picking up the machines at the conclusion of the job; and (c) preparing affected areas of customers' properties for mold removal.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately January 2020 and December 2020, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of Plaintiff's actual overtime hours worked each week.

12.     Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt Technicians, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between May 2018 and the present.

13.     However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt Technicians, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between May 2018 and the present.

14.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt Technicians, however variously titled, who worked for Defendants in one or more weeks between May 2018 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

15.     During the three (3) year statute of limitations period between approximately January 2020 and December 2020, Plaintiff regularly worked as a non-exempt Technician for Defendants an average of approximately six (6) days per week Monday through Saturday with start times of between approximately 7:00-8:00 a.m. and stop times of approximately 5:00-7:00 p.m.—while also working approximately two (2) Sundays for an average of eight (8) hours on a Sunday—regularly working an average of approximately Forty-Eight (48) hours per week.

16.     Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages of approximately $650.00 per week between January 2020 and June 2020, and between July 2020 and December 2020 average weekly wages of $750.00 per week, or Forty (40) hours of work per week, and Plaintiff being owed an average of approximately Eight (8) unpaid overtime hours per week during a total of approximately Forty-Five (45) work weeks, if Plaintiff's unpaid

overtime wages are found to be due and owing at the time and one-half rates of $24.38/hour and $28.13/hour [($650.00/40 hours = $16.25/hour x 1.5 = $24.38/hour) ($750.00/40 hours = $18.75/hour x 1.5 = $28.13/hour], Plaintiff's unpaid overtime wages total approximately **$9,435.00** [($24.38/hour x 8 Unpaid OT hours/week x 23 weeks = $4,485.00) + ($28.13/hour x 8 Unpaid OT hours/week x 22 weeks = $4,950.00) = $9,435.00].

17. Based upon information and belief, Defendants have failed to maintain accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated non-exempt Technicians, however variously titled, during each week between approximately May 2018 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated Technicians, however variously titled, in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately May 2018 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt Technicians, however variously titled, at during the three (3) year statute of limitations period between approximately May 2018 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, SAMMY SANTAMARIA, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt Technician in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2020 and December 2020.

22. All similarly situated non-exempt Technicians, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately May 2018 and the present.

23. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt Technicians, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately May 2018 and the present.

24. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt Technicians, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately May 2018 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing

to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

25. By reason of the said intentional, willful, and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

26. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt Technicians, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

27. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

28. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SAMMY SANTAMARIA and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, XPRESS RESTORATION INC., and JOSE MORAN, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  May 12, 2021 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　**<u>KEITH M. STERN</u>**
　　　　　　　　　　　　　　　　　　　Keith M. Stern, Esquire
　　　　　　　　　　　　　　　　　　　Florida Bar No. 321000
　　　　　　　　　　　　　　　　　　　E-mail:  employlaw@keithstern.com
　　　　　　　　　　　　　　　　　　　LAW OFFICE OF KEITH M. STERN, P.A.
　　　　　　　　　　　　　　　　　　　80 S.W. 8th Street, Suite 2000
　　　　　　　　　　　　　　　　　　　Miami, Florida 33130
　　　　　　　　　　　　　　　　　　　Telephone:  (305) 901-1379
　　　　　　　　　　　　　　　　　　　Fax:  (561) 288-9031
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

## **CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Xpress Restoration, Inc. and Jose Moran**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*[signature]*
Sammy Santamaria

**Sammy Santamaria**